UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 09-30 (RHK/JJK)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | PRELIMINARY ORDER |
| v. ) | OF FORFEITURE |
| ) | |
| JAMES ALAN NEWSOME (2), ) | |
| ) | |
| Defendant. ) | |

Based on the United States' motion for a Preliminary Order of Forfeiture; on the Plea Agreement entered into between the United States and Defendant James Alan Newsome; on the Court having found that certain property is subject to forfeiture pursuant to 21 U.S.C. § 853(a); and on the Court's determination that, based on the Plea Agreement entered into by the defendant and based on all of the files and records of this proceeding, the government has established the requisite nexus between such property and the offense to which the defendant has pled guilty,

IT IS HEREBY ORDERED that:

1. Sixty-percent (60%) of the net proceeds from the sale of the real property and premises located at 1530 South State Street, Unit 1006, Chicago, Illinois, is forfeited to the United States pursuant to 21 U.S.C. § 853(a);

2. The Attorney General or his authorized designee may seize the real property and premises located at 1530 South State Street, Unit 1006, Chicago, Illinois, and maintain custody and control of the property pending the entry of a Final Order of Forfeiture. The

United States may list, market and sell the real property located at 1530 South State Street, Unit 1006, Chicago, Illinois, under the terms and conditions set forth in the Plea Agreement And Sentencing Stipulations;

3. Defendant James Alan Newsome is ordered to cooperate with the United States with regard to the sale of the real property located at 1530 South State Street, Unit 1006, Chicago, Illinois. This cooperation will include executing any and all documents needed to complete the sale of the property.

4. Defendant James Alan Newsome is directed to immediately vacate the real property located at 1530 South State Street, Unit 1006, Chicago, Illinois.

5. Defendant James Alan Newsome is further ordered to pay all costs associated with the maintenance and ownership of the above-described real property until the date of closing, including, but not limited to, condominium fees, association fees, utilities, as well as city and state taxes. The defendant is further ordered to maintain existing insurance on the property until the date of closing.

6. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

8. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

9. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: 3/4/10                    S/Richard H. Kyle
                                 RICHARD H. KYLE, Judge
                                 United States District Court